Zam & Zam Supermarket v. Ignite Payments. Good morning. May it please the Court, Roger Heller on behalf of Zam & Zam Market. Zam is a small mom-and-pop shop and these days, as you know, it's very hard for them to make it. And you have this company come in, taking advantage, nickel-and-diming them, and now this company, Ignite Payments, wants to have it both ways. It wants it so that this amendment imposing the TransArmor service is effective, but then it doesn't want to have to live with the promises that it made in that amendment. The district court's ruling requires reversal for multiple reasons. First, the district court did not address the claim that Ignite breached the amendment here. The complaint in this case alleges multiple breaches of the amendment, including charging $24 a month for something the amendment clearly said would be $19 a month, a very clear breach. Also, not replacing certain fees with the TransArmor fee as the amendment had promised. This was alleged in our complaint. It was addressed in our opposition papers, and neither Ignite nor the district court ever addressed it in substance. The only basis for dismissing that claim was Section 1911 or the so-called notice provision, which brings us to the next error that the district court made. Section 1911 does not bar the claims here for multiple reasons. In order for the claims to be barred, all of three things would need to be true. Number one, the section would need to be a condition precedent to suit. Number two, the section would need to apply to every type of charge at issue in this case. And three, it would need to be the case that ZAM did not, in fact, provide written dispute notice within 60 days. If any of those cut our way, then the claims are not barred, and we think they all cut our way. Ginsburg. But you didn't argue some of these points in the district court, unless I'm mistaken. For instance, I don't think you argued your condition precedent point in the district court, did you? Well, we may not have argued it in exactly those words. So we certainly argued that the clause did not serve to bar any of the claims, and we didn't see this as something that needed to be affirmatively pled in our complaint, so we didn't plead it that way. But what we told the district court was, if that's wrong, if that's something that we needed to do, we could do that. So I think it's true that on that point, we may not have argued it in those words, but the gist of what we told the district court, I think, was the exact — was really the same for all intents and purposes, that we didn't think this was something we needed to do to have a claim, but we could fix that if that was necessary. Can I also correct that you didn't argue in the district court that your pleading statement that all conditions required to be performed had been performed, you didn't argue that that satisfied the pleading requirement there? I don't believe we made that argument specifically, but, I mean, that is black-letter law, that that allocation — Well, let me say this. We have not interpreted 9C's alleged generally requirement after Ashcroft v. Iqbal, but there are cases that have required specificity with respect to other provisions of Rule 9. Why should we undertake the review of such an issue when it wasn't — wasn't raised before the district court? Well, I think it's encompassed within the arguments that were raised, even though it wasn't raised specifically. Well, I'm not sure that you can say that you've put the district court on notice. The district court didn't address that. I mean, this is something that you raise on appeal with no pointing to an error by the district court or anything like that. But let me let you go on with your argument in any event. Sure. Thank you. And the other point I'd make is that's not — a finding on that's not necessary for us to survive a motion to dismiss on this for the other reasons. The clause is not a condition precedent for multiple reasons. In order for it to be a condition precedent, it needs to be clear and unmistakable under Second Circuit law. If the consequence is to bar the claim, it needs to be stated very clearly. And all you need to do is look at the clauses at issue in the cases the district court cited, whether it's similar elevator, travelers, DCR. The clauses there had very clear language that said if you don't do the following, you're waiving your right to bring a claim. There's nothing like that here. The clause is also not applicable to the charges at issue here. It makes a lot of sense to have a notice and investigation provision for charges where Ignite actually has to go conduct an investigation. This Court in Bank of New York Mellon observed that the use of the term if constitutes a linguistic convention of condition. Here the clause, the relevant clause plainly states that if a merchant fails to dispute a charge within 60 days, then the defendant shall have no legal obligations concerning the adjustment of those charges. Why isn't it consistent with our precedent a condition precedent? Well, I think there's two points there. One is that the the that it does not say it's about the consequence. It does not say that the consequence is you can't bring a claim or you can't bring a lawsuit. You can't bring a successful claim because the defendant shall have no legal obligations. But that's not the language. But what the what the language is saying is that the that the they don't have an obligation to go conduct an investigation or to make adjustments. But this case is not about their failure to make some adjustment. This case is about system-wide cramming of a fee on everybody, system-wide overcharging of fees. But you don't even get to system-wide unless your Plaintiff has a claim. And the claim of your Plaintiff is that they're entitled to an adjustment. That's what the claim is. We that's not how I view the word adjustment in that in that context. And I think how do you view it? Well, I view it as ink on the statement. Well, I view it as for certain. This is I think the scope of the clause itself. I think for certain charges where Ignite needs to go conduct an investigation, you provide notice within 60 days so that they can go talk to third parties, other things that actually may be harder to do after 60 days, right? And make adjustments based on the result of that investigation. But here, where you're talking about intentional system-wide cramming. You want money back, right? Yes. They should refund money. Yes. You want to adjust the amount of money that your client paid and was obligated to pay, right? I think that's right, but I don't think that the charges here are within the contemplated scope of that clause. The other point that I would make. I'm not sure that you're going to have to explain that to us because the plain language of the agreement defines settlement account as what's debited or credited for, and here's the relevant language, fees and other amounts due under the agreement. It's very expansive. But there's also. I don't see how you can limit it to transactions, you know, credit card transactions that might be disputed. There is the phrase card transaction activity within that clause, and I think. Right, but the fact that it's not the only thing in that clause would seem to run against you, that the obligation is expansive because the definition of settlement agreement is expansive. Well, I think it's. I think it at best is ambiguous in that direction. I don't think that that's the intent of the clause. Well, we start with the language before we get to what the intent is. And where the language speaks about fees and other amounts debited or credited under the agreement and then an obligation to give notice, I'm not sure what's ambiguous. Well, I think the scope of that is ambiguous in terms of whether it's what types of charges it applies to. I think the reference to card transaction activity suggests that it is limited in that scope. I understand Your Honor has a different interpretation of that, but I'm trying to explain how we view that clause. But what's the basis for construing it that way? Well. You want it limited to card transactions, which in essence would ignore the remainder of the clause, and that's not permissible construction. Well, the basis is logically it doesn't make sense to have a provision like this when you're talking about charges where there's no reason they need to know about it within 60 days. They already know, right? But there's no investigation that needs to be conducted. And that's the purpose of that clause. But that's what it says. I agree that that's what it says, but I think the purpose of that, and I think the language is properly interpreted as being limited in scope and being limited to the type of charges where they can conduct an investigation.  a subjective concept happens to be. We should simply cross out of that clause the critical language. That no. I think that that is the logical and the correct interpretation of that language. We're not asking to cross out anything, but I will say. The interpretation you offer us is that it's meaningless. It has no content. No, I don't think so. I think it has content. I think it has applicability to the types of charges where the company needs to go investigate. The other point that I would make is ZAM did provide written dispute notice within 60 days, and so I want to make sure that. Does anything in the contract talk about a duty to investigate? I mean, what the defendants are relieved of, if you don't give notice, is any obligations concerning the adjustment. It's not any obligation to investigate. It's any obligation. So where would we look for this limitation you want to impose on it that's just investigative obligations? The two places would be the reference to card transaction activity and then the sentence that says, if you notify us after 60 days, we shall have no obligation to investigate or affect any adjustments. But I. Or affect any adjustments. You see, you want to limit these contract terms to the ones favorable to you, but we have to we have to construe the language as a whole. Understood. But I construe, when I construe that language as the whole, or affect any adjustments, flows from conducting investigations, particularly given the reference to card transaction activity. But I do want to make. That's not usually how either or, how the word or is understood. It's understood to create two possible circumstances. Isn't that the usual construction? I think this is not maybe the most artfully written clause, is what I would say. I know you want to reserve some time for rebuttal. So let's hear from the other side, and then we'll give you a chance to speak some more. May it please the Court. I'm Jonathan Polks from Weill-Gottschall, here representing the appellee. Good morning, Your Honors. The argument that just happened did cover a lot of the points I was going to make. So let me just supplement that with a couple of things. And I do want to focus for now on the notice of claim provision, which is section 19.11 of the program guide, which is the contract here. What I want to focus on is, although it didn't come up that way in the district court's opinion, just because of the way the arguments were presented by the appellant, the notice of claim provision covers every issue in this case. Not only the way the appellants have phrased it, which is one of their arguments, namely that even if the enrollment letter and amendment was effective, even that was breached. And in connection with that argument, they say section 19.11 isn't a defense. But actually, section 19.11 is a complete defense irrespective of that. In other words, they are seeking, as Your Honor put it, Judge Kaplan, a return of money. Under any circumstances. And section 19.11 is a bar. It is a condition precedent to receiving any money to bring any claim or to any obligation that First Data had. And so if, as we've been discussing, section 19.11 is effective here, it would be a complete bar to this action for this plaintiff. I also want to add that in connection with another comment you made, Judge Kaplan, the language here that we have been talking about is, if you notify us after 60 days, we shall have no obligation to investigate or effect any adjustments. The reason I think that's significant is because of your point, Judge Raggi, there is a settlement account here. And the way the settlement account is defined and the way you can see it works is there's an account that the merchant has from which there are credits and debits. There are adjustments being made to that. Money is being taken out. Money is being put in. So the fact that it says here we have no obligation to effect an adjustment clearly is a reference to the way that settlement account works. In other words, we don't have to credit you back any funds in that account. So I think that's just sort of further indication of the appropriate way to read this language. With all that said, there's, you know, a lot of other issues that you've seen in the briefs. They did get very involved. I'm happy to answer any questions. I do think because of the section 1911 issue covering really any ability of the appellant to get any recovery, I think that really does cover the waterfront. I guess one more thing to add, in connection with the amendment issue, the court did dismiss with prejudice here. As your honors are aware, in connection with the reply papers that the appellant submitted at the district court, they attached an affidavit to which they attached an August 2016 letter. The letter was actually from my client, First Data, back to them saying you have complained about some charges in your account. So we're going to refund you the last six months. So the reason I bring that up is even to the extent the appellant now says we should have had the right to amend because we could have pled that we did satisfy it, they have, by the own evidence that they were sort of using, or the basis of the factual allegation they themselves were making, that money has been refunded anyway. So that shows, I think, why an amendment in this case would have been futile, and I believe that's what the judge had in mind when she so ruled. So unless there's any questions, thank you. Hallie, you do have two minutes reserved. Thank you. Just two quick points, and one is the point that was just discussed. We did tell the district court that we could amend the complaint to specifically allege that ZAM in fact provided a written dispute letter within the 60-day window of multiple instances of each of these charges. But the letter you would have referenced, how would you have pled damages given the refund for the period that, I mean, you could only apply it to the period within, what is it, 60 days of the letter, and you were, and they adjusted for that period. Did my, am I missing something? I think that's their characterization of it. I think what they provided was a partial refund of fees covering an extended period of time. Well, for 60 days before, from January through August 2016, they refunded, if I understood it correctly, $481.61. What other damages do you have for the 60 days prior to your letter? Well, part of the fees that were assessed in the 60 days prior to our letter were not refunded. It was a partial refund of all of the fees. Of what? Partial refund of all of the fees that had been charged. Right. But if you didn't give notice, you wouldn't have, if we find that your failure of notice is a problem, that you couldn't remedy by giving notice with your letter. Your letter would only cover 60 days, a 60-day window. Well, even if that's true, my point is that what was provided was a partial refund. They're trying to characterize it that way. Partial refund for that period? You were owed more for that 60-day period? Yes. It was a partial refund of all of the time. No, you're not. I'm not sure you're focused. The refund was 100% of all the charges for the 60 days prior to your letter, and in addition, additional monies for earlier period. True? That's the way to count. I mean, dollar-wise, yes. This is not a matter of characterization. This is a picture. It is not a cow. They gave you every penny back for the 60 days, and in addition, some more money for prior periods. True or false? That's true as a dollar amount, yes. The other point that I would make, though, is with respect to the breaches of the amendment, which there were multiple breaches, ZAM did not even have notice of the amendment, didn't even have the amendment letter until after this lawsuit was filed. So I don't see how in the world it could have been expected to raise a specific dispute letter within that time period. And that's plit in our complaint and was addressed in the papers below. The only other point I wanted to make is the good faith and fair dealing claim. The district court said that that claim was based on a duplicative set of facts as the direct breach claim. But the district court disregarded that we actually pled additional facts in support of the good faith claim, specifically that Ignite knew when it imposed this trans armor that the vast majority of the merchants would never be able to get any benefit at all from it. That's bad faith exercise of discretion, and that's sufficient to allege a breach. So you think it's a breach of the duty of good faith and fair dealing for somebody to sell ice to Eskimos, even if they know they're buying ice? Well, they didn't know they were buying ice. Under these — I mean, in that analogy, they did not know they were buying ice in that situation. Thank you. We're going to take the case under advisement. I understand the parties are all here now.